# In the United States Court of Federal Claims

No. 10-720C
(Filed under seal December 29, 2011)
(Reissued January 17, 2012)[1]
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| ACC CONSTRUCTION COMPANY/ MCKNIGHT CONSTRUCTION COMPANY (JV), | \* \* \* \* |
| Plaintiffs, | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant, | \* \* |
| and | \* \* |
| THE HASKELL COMPANY, ROY ANDERSON CORPORATION, BRASFIELD & GORRIE, LLC, CADDELL CONSTRUCTION COMPANY, INC., and HENSEL PHELPS CONSTRUCTION COMPANY, | \* \* \* \* \* \* \* \* \* |
| Defendant-Intervenors. | \* \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Defendant and intervenors' motion for an expeditious ruling is **GRANTED**. As will be more fully explained in a forthcoming opinion, the Court has determined that defendant's and intervenors' cross-motions for judgment on the administrative record should be **GRANTED**. The motion for judgment on the administrative record filed by plaintiff --- a joint venture between ACC Construction Co. and McKnight Construction Co., Inc. ("ACC") --- should be **DENIED**.

---

[1] Because of a protective order, the parties were given the opportunity to propose redactions. The parties have proposed none, and thus the order is being reissued unsealed.

As a preliminary matter, the Court has determined that ACC has standing to challenge the awards of the five multiple-award task order contracts received by the intervenors. Standing is determined based on *potential* prejudice, assuming well-pled allegations of agency error to be true. *USfalcon, Inc. v. United States*, 92 Fed. Cl. 436, 449-50 (2010). Plaintiff has alleged errors in the evaluations concerning three factors for which it received a rating of "Satisfactory." The fifth and final awardee (of six possible awards, *see* AR at 1378), Caddell Construction, although garnering the same overall rating of "Satisfactory" as ACC, received "Above Average" ratings for two factors --- which the Corps determined "sets them apart from the other Satisfactory Offerors," meriting the further consideration which resulted in an award. AR at 912-13. If ACC's allegations proved true, it could have received higher ratings in as many as three categories, providing it a substantial chance to receive one of the contract awards. Thus, the government's motion to dismiss the case for lack of subject-matter jurisdiction, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), is **DENIED**.

The Court has found, based upon the administrative record ("AR"), that the United States Army Corps of Engineers ("Corps") did not arbitrarily evaluate proposal features called "betterments" or described as "desirable" or "preferred," *see* AR at 1398-99, 1403-04, but reasonably and consistently followed the solicitation in its consideration of these features. The Corps distinguished between "betterments" that were listed in Tab G of proposals, which it had to accept or decline, *see* AR at 1398, and the "desirable" or "preferred" features that were not broken out in Tab G. *See* AR at 875, 883-85, 893-94, 4610-12, 4620, 5236-39, 5248-49, 5258-61. The Corps rationally explained that many "desirable" or "preferred" features were found to be common practice among the offerors, and considered them to be of added benefit or increased value only when combined with something else, such as "a detailed narrative clearly describing what is being provided and how it adds benefit." AR at 896; *see* AR at 877 ("common practice"), 887 ("common practice"), 4614 ("common practice"), 4622 ("common practice"), 5241 ("combined with a detailed narrative"), 5251 (combined with "several betterments of significant functional value"), 5263 ("combined with a detailed narrative"). The administrative record does not show that the approach taken to betterments was to ACC's particular disadvantage. The Source Selection Evaluation Board's first report, which identified all of the "preferred" or "desirable" features as strengths, even if these were common practice, shows that five offerors (including four of the awardees) proposed more of these features than did ACC. *See* AR at 4631, 4645, 4658, 5203, 5216, 5227. The other awardee, Brasfield & Gorrie, appeared to offer three fewer strengths, *see* AR at 5191,[2] but also proposed thirty-three Tab G "betterments," of which eighteen were accepted. AR at 5236-39. The government's evaluation of proposed "beterments" had a rational basis, and the initial identification of features as strengths --- even if these ultimately were to cancel each other out when found to be common practice --- satisfies the solicitation's promise of "additional consideration." *See* AR at 1403-05.

The Court also finds that the Corps did not violate 48 C.F.R. § 15.306(d)-(e) by not specifically raising the perceived drainage issue in discussions with ACC, as this issue was

---

[2] The Court considers the first bullet point of ACC's strengths to contain three separate strengths (solid surface countertops, porcelain tile floors, and ceramic wall tile). *See* AR at 4631.

viewed as merely a weakness, not a deficiency or a significant weakness.  *See* AR at 878, 4634.  Nor was 48 C.F.R. § 15.306(d)-(e) violated by the failure to discuss plaintiff's small business subcontracting plan, as no deficiency or significant weakness (or, indeed, any weakness) was identified for that factor.  *See* AR at 881, 4640.  The Corps did not err in evaluating ACC's sustainability plan as "Satisfactory," as plaintiff indicated enough points for the required Silver LEED rating, but not enough for the next level.  *See* AR at 1406, 5075-77.  And while a violation of 48 C.F.R. § 15.506, by an inadequate debriefing of an offeror, could perhaps be remedied in the context of a procurement decision that was otherwise arbitrary or unlawful, the Court does not find that a violation of that provision standing alone can be the basis of a successful bid protest --- as an inadequate debriefing has no connection to a protester's chance of receiving an award already made.

      For the reasons stated above, plaintiff's motion for judgment on the administrative record is **DENIED**, and defendant's motion to dismiss for lack of subject-matter jurisdiction is **DENIED**.  Defendant's and intervenors' cross-motions for judgment on the administrative record, under RCFC 52.1, are **GRANTED**.  The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                            s/ Victor J. Wolski
                                            **VICTOR J. WOLSKI**
                                            Judge